CLD-092                                                                      **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-3723
_____

IN RE: KIM RAGLAND,
                                                Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the District of New Jersey
(Related to D.N.J. Civ. No. 1-14-cv-00458)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
December 22, 2015
Before:  FISHER, JORDAN and VANASKIE, Circuit Judges

(Opinion filed: January 13, 2016)
_____

OPINION[*]
_____

PER CURIAM

       Kim Ragland, a New Jersey state prisoner, presents a petition for writ of

mandamus requesting that we compel the District Court to rule on a motion for summary

judgment that the Defendants have filed in his 42 U.S.C. § 1983 action.  We will deny the

petition.

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

In January 2014, Ragland filed a complaint in the District Court against New Jersey Department of Corrections officials Gary M. Lanigan, Evelyn Davis, Debra Quinones, and Lydell Sherer, alleging that they improperly withdrew funds from his inmate account in violation of his equal protection and due process rights under the Fourteenth Amendment. In June 2014, the District Court dismissed all claims as to Defendant Sherer. The District Court also dismissed Ragland's equal protection claim against the remaining Defendants, but permitted his due process claim against those Defendants to proceed.

On September 11, 2015, after discovery closed, the Defendants moved for summary judgment. On October 5, 2015, Ragland filed a response opposing the motion for summary judgment. The Defendants filed a reply brief the following month. Ragland asks us to direct the District Court to rule on the Defendants' summary judgment motion, asserting that it has been pending for "more than two years."

A writ of mandamus is a drastic remedy available only in extraordinary cases. See In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005). To obtain mandamus relief, a petitioner must show that "(1) no other adequate means exist to attain the relief he desires, (2) the party's right to issuance of the writ is clear and indisputable, and (3) the writ is appropriate under the circumstances." Hollingsworth v. Perry, 588 U.S. 183, 190 (2010) (per curiam) (internal quotation marks and citation omitted). Ragland has not made that showing here.

Although we may issue a writ of mandamus when a district court's "undue delay is tantamount to a failure to exercise jurisdiction," Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996), that situation is not present here. Contrary to Ragland's assertion, the pending summary judgment motion has been ripe for disposition only since November 2015. Cf. id. (determining that eight months of inaction on petitioner's motions was insufficient to compel mandamus relief). We are fully confident that the District Court will rule on the Defendants' summary judgment motion without undue delay. In light of the above, we will deny Ragland's mandamus petition.